**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7506**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAY E. LENTZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T.S. Ellis, III, Senior District Judge.  (1:01-cr-00150-TSE-1)

Submitted:  August 19, 2021                           Decided:  August 27, 2021

Before GREGORY, Chief Judge, MOTZ, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jay E. Lentz, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jay E. Lentz appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239.  For the reasons stated herein, we affirm.

We review a district court's denial of a motion for compassionate release for an abuse of discretion.  *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021).  When deciding whether to grant a motion for compassionate release, the district court first determines whether "extraordinary and compelling reasons" support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). Next, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A); *High*, 997 F.3d at 185-86.  As there are "no 'applicable' policy statement[s] governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)," *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020), "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise," *id.* (alteration and internal quotation marks omitted).  "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility."  *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (collecting decisions).  Finally, if the court finds that extraordinary and compelling reasons warrant

2

relief, the court must consider the 18 U.S.C. § 3553(a) factors "in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *High*, 997 F.3d at 186; 18 U.S.C. § 3582(c)(1)(A).

Our review of the record reveals that Lentz has not demonstrated a particularized susceptibility to the disease or a particularized risk of contracting the virus at his place of incarceration. Nor has he shown any other extraordinary and compelling reason for release. And the district court considered and explained its weighing of the 18 U.S.C. § 3553(a) factors. Accordingly, we conclude that the district court did not abuse its discretion in denying compassionate release, and we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*